MARTÍNEZ v. PORTO RICO RAILWAY, LIGHT AND POWER
COMPANY.

APPEAL from the District Court of San Juan, Section 2.

No. 827.—Decided June 26, 1912.

INJUNCTION—TRESPASS—ADEQUATE REMEDY AT LAW.—Writs of injunction for
the purpose of preventing continued trespassing, as well as in all other cases,
will not issue when the petitioner has an adequate remedy at law to obtain
pecuniary indemnity for such trespassing.

ID.—IRREPARABLE DAMAGES—PECUNIARY INDEMNITY—RESPONSIBILITY OF TRES-
PASSER—ESTIMATING DAMAGES IN MONEY.—In order that the extraordinary
remedy of injunction may be granted an irreparable loss must exist arising
from the very nature of the damage or from the lack of responsibility of the
person causing the same. Damages are irreparable when they are of such
nature that the party suffering them cannot be adequately compensated there-
for by means of indemnity or when the damages cannot be duly estimated in a
sum of money.

IRREPARABLE DAMAGES—ADEQUATE REMEDY AT LAW—PECUNIARY INDEMNITY.—
As a general rule when the injured party has an efficient, complete, and ade-
quate remedy at law it cannot be said that an irreparable damage exists, nor
when by means of an action at law he may obtain compensation in money for
the damages suffered.

INJUNCTION—IRREPARABLE DAMAGES—INSUFFICIENCY OF PRAYER—FACTS DETER-
MINING IRREPARABLE DAMAGES.—A prayer for an injunction which only al-
leges that the plaintiff suffers irreparable damages on account of the acts of
the defendant without stating the facts constituting said irreparable dam-
ages so that the court may judge whether the damages are truly irreparable,
is insufficient.

ID.—DELAY IN APPLYING FOR INJUNCTION—PUBLIC INTEREST—LOSS OF RIGHT—
EXPENDITURE OF LARGE SUMS OF MONEY BEFORE INJUNCTION.—The right to
an injunction may be lost by the unjustifiable delay of the petitioner during
which delay the defendant has expended large sums of money and the public
has acquired interest in the matter. In accordance with this doctrine the
owner of a lot who negotiates with a municipality for the cession of a strip
of land from said lot for the opening of a street and allows the opening and
construction of the street, the laying of tracks thereon for electric cars and

the use of said tracks for some months without preventing the execution of said acts or applying to the courts in order to defend his property cannot obstruct such public service by means of an injunction after the electric car company has expended a large sum of money in constructing its tracks.

ID.—ENTERING UPON PROPERTY IN GOOD FAITH—CONSENT OF SUPPOSED OWNER.— When a property is entered upon in good faith with the consent of a person who represents himself as its owner or under an erroneous belief in regard to ownership and an injunction would be of little value to the owner and of great prejudice to the defendant, the injunction will not issue.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellant.

*Mr. J. Henri Brown* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

On October 9, 1911, Manuel Martínez y Casanova filed in the District Court of San Juan, Section 2, a petition for a writ of injunction against The Porto Rico Railway, Light, and Power Company, wherein he alleged in substance that he was the owner and possessor of two parcels of land situated at the place known as Bayola in *barrio* Santurce, municipality of San Juan, Porto Rico, which the defendant corporation frequently and regularly crosses day and night with its electric cars in the pursuit of its business as a public carrier of passengers, by means of a railway track running through said properties; that the aforesaid railway track was laid without the consent and against the will of the petitioner, without legal authorization, and without the petitioner's ever having consented to such trespass on the part of the defendant or to the establishment or continuation of the presumed right of way, nor has said corporation been authorized or sanctioned by any legal authority to use said lands as aforesaid, nor has it indemnified the petitioner by the payment of any sum whatever; that the use of these lands in the manner indicated constitutes a trespass which will continue indefinitely, since the aforesaid illegal acts are executed in the prosecution of the business of a public carrier of passengers. The petitioner further alleged that through his having been deprived in part of the use of these two parcels of land he had sustained injuries and would continue to

sustain them if these acts were not put a stop to, and that through their repetition the defendant would obtain a right of way over said lands by prescription; and after alleging, also, that the violation of his rights by the defendant was a cause of irreparable injury to him against which no adequate remedy was left him but the writ of injunction, he closed praying the court to enjoin the defendant to desist from the use of the aforesaid lands of the petitioners, to remove from them its railway track, and to indemnify him for the injuries he had sustained, and to allow him in addition any other equitable reparation.

The answer of the defendant corporation was, in brief, that its track was laid over a street which crosses the place called Bayola in *barrio* Santurce along which its cars frequently run; that it had not asked the consent or authorization of the petitioner to lay its tracks at the Bayola place because the defendant's tracks are laid over a public street which had been opened by the municipal council of San Juan and not over the private property of the petitioner, the defendant's franchise authorizing it to lay its tracks over public streets and highways; that the defendant is a public service corporation and has been operating its lines as such over said track for some months; that the writ of injunction is not the adequate remedy for the plaintiff, because the track is already laid and has been in use for several months in the same manner as at the time of answering the complaint; that if the plaintiff has been dispossessed of his property it was by the city of San Juan and not by the defendant; that before laying its tracks along the place known as Bayola, the city of San Juan had addressed the defendant a letter asking it to cede a parcel of said land to said city for the purpose of opening a street at the place called "Parque Borinquen," the defendant agreeing thereto provided the city of San Juan should prolong Nereidas Avenue to Parque Borinquen and grant the defendant the right of way to lay its track over it for its trolley cars; and that the city of San Juan having be-

gun to extend and macadamize said street, the defendant, in good faith, laid its track over it on the supposition that the city had obtained the permission of the owners of the properties through which said street had been extended; and after further setting out that the plaintiff has not alleged in his complaint the manner in which he would be prejudiced in the value of his land, and that the facts stated by him do not show any irreparable injuries, or such injuries as would warrant his applying for a writ of injunction, the defendant concludes with the prayer that judgment be rendered in its favor with costs taxed against the plaintiff, and that his petition for a writ of injunction be denied.

The proper trial having been had, the district court rendered judgment on October 31, 1911, denying the petition, with costs, and from this judgment the present appeal has been taken by Manuel Martínez Casanova.

From the evidence produced at the trial it appears that between Nereidas Avenue within the boundaries of the Condado property belonging to the Behn Brothers, in San Juan, and the Parque Borinquen there lies a portion of land on which some houses are built with space between them for a street, and forming part of this portion of land there are two parcels belonging to Manuel Martínez Casanova, through which, as also through the space between the houses, people publicly travel on foot and in vehicles; that in November or December, 1910, the defendant company began the work of laying the track between Nereidas Avenue in the Condado property and Parque Borinquen, said track crossing the abovementioned lands of Martínez Casanova, although, when the work began, the petitioner placed a fence on his lands and the work was stopped until four days later, when the fence was torn down and the track built upon said portions, which track continued operating from that time, the material for the construction of the rest of the road being transported over it; that on February 6, 1911, the defendant corporation wrote a letter to the mayor of the city of San Juan reminding him

that on June 27, 1910, it had written to his predecessor in office, Mayor del Valle, informing him that it was disposed to cede to the city a strip of land in Borinquen Park for the purpose of opening and macadamizing a street, the company reserving its right to lay its track over it should it deem it advisable, provided the city took the necessary steps to open the projected new street between the boundaries of Borinquen Park and the property of Behn Brothers—that is, the prolongation of Nereidas Avenue—and permitted the company to lay over it the rails for its trolley cars; that it had received no reply to that letter, but as the city of San Juan had built the street on lands of Borinquen Park belonging to the defendant corporation, the latter inferred that the city had accepted its offer and, accordingly, it had proceeded to lay its track over the street between Borinquen Park and the property of Behn Brothers. It also appears that on June 30, 1911, the day before the corporation was to inaugurate the public service of carrying passengers over said track, it was enjoined, through a notarial notice, by Manuel Martínez Casanova, to abstain from making use of said parcels of land, either by crossing them with its cars or in any other manner whatsoever; to remove the track that had been laid over them and not to demolish the fences that he might put around them. At the time the track was laid the city of San Juan had macadamized that piece of land as a street between Nereidas Avenue and Borinquen Park.

From the oral evidence it appears that the petitioner knew that the city of San Juan had in project the opening of a street over his grounds; that with his consent his attorney in fact had written a letter to the mayor of the city regarding the taking of said lands for a street, and was awaiting the witness' assent once he had accepted the prices offered; that the city had macadamized the street crossing his properties almost at the center; that nobody had indemnified him for such seizure, and that from November, 1910, the track has been utilized, at first for the transportation of materials and afterwards for the conveyance of passengers.

As a summary of all the evidence we may state that although the petitioner had built a fence on his lands he has failed to show who had demolished it; that until June 30, 1911, he had not enjoined the corporation to abstain from utilizing the track, although the same had already been some months in operation; that he has not proven special injuries, and that the track is laid over a street macadamized by the municipal council of this city, the defendant believing that said street belonged to the city.

The first six errors assigned by the appellant in support of his prayer that the judgment be reversed rest upon the principle of law that no person shall be deprived of his property except by competent authority, for reasons of public utility, and upon the payment of a proper indemnity.

The seventh and last ground of appeal is based on a violation of the Law of Injunction.

The principle on which are based the first six grounds of appeal is correct, because nobody can be deprived of his property except through compliance with the hereinbefore-mentioned requisites, but this fact is not sufficient reason for the granting of a writ of injunction.

The complaint in this case clearly states that the object of the injunction is to avoid the continuation of trespass upon the property described therein. But, at all events, when the petitioner has an adequate remedy in law to obtain pecuniary indemnity the writ of injunction should not issue. Suits in equity shall be allowed in no case where a clear, adequate, and complete remedy may be obtained by law.

In order to allow the extraordinary remedy of injunction there must exist an irreparable injury arising from the very nature of the damage or from the lack of responsibility of the person committing it; and therefore an injury is irreparable when it is of such a nature that the party sustaining the same cannot be adequately compensated for it by means of an indemnity, or when the injuries arising therefrom cannot be duly appreciated in terms of money. But as a rule when

there is an efficient, complete, and adequate remedy in law the injury is not irreparable, nor when a full compensation in money can be obtained through a suit at law. (*Dudley* v. *Hurst,* 1 Am. St. Reports and cases cited in the note, p. 377; *Martínez* v. *Moreno,* 10 P. R. R., 82; *Lothrop, Luce & Co.* v. *Rosner,* 10 P. R. R., 87.)

In this case it clearly appears from both the complaint and the evidence that the plaintiff can obtain a pecuniary compensation, inasmuch as in the former he prays that the defendant be adjudged to indemnify him for the injuries sustained or that may be sustained, and by the latter it is learned that the plaintiff was in correspondence with the municipal council of this city with a view to ceding part of his lands for the construction of a street upon receipt by him of a pecuniary compensation.

But, aside from this, the complaint is in itself deficient, because it merely sets forth that irreparable injuries are suffered through the acts of the defendant, without stating facts whereby the court may learn that said injuries were really irreparable; and the simple allegation that an irreparable injury has been sustained, without stating in what said injury consists, is not sufficient. (Abbott's Trial Brief Pl., vol. 1, p. 537, and cases cited therein.)

Moreover, the plaintiff was not diligent in preserving his property and in preventing the track from being laid; and while knowing that there existed the project of building a street through his grounds over which the rails of the trolley cars were to be laid, he permitted the municipal council of this city to macadamize part of his lands as a street, and let the defendant corporation lay its tracks through them without serving notice of his opposition in due time, nor applying to the court for the purpose of asserting his right; but, on the contrary, he allowed the defendant to build the track, expending thereon, as was to be supposed, a large sum of money,

and only after the track has been in use for some months, and
when the public service of carrying passengers was about to
begin, does he attempt to put obstacles to the use of said
railway track through a notice to that effect and the subse-
quent filing of the petition for a writ of injunction three
months afterwards.

These facts seem to show that the petitioner delayed the
exercise of his right of action in order to obtain thereby a
higher price for his lands.

"The right of an injunction may be lost by ·delay, during which
the defendant has expended large sums of money and the public have ·
acquired an interest." (Lewis on Eminent Domain, p. 1615.)

"An injunction is not a matter of right and will not be issued
when upon a broad consideration of the situation of the parties, good
conscience does not require it. * * * Unreasonable delay and mere
·lapse of time, independently of any statute of limitations, constitutes
a defense in a court of equity. * * * So an injunction will be
refused to a complainant who has intentionally delayed his application
until he has obtained an inequitable advantage of the defendant.
* * * The rule that a person's right to an injunction may be
barred by laches includes those cases where the complainant has stood.
by and permitted the defendant to expend large sums of money in the
exercise of a 'supposed or asserted right. In such a case it would
be inequitable to grant the injunction and the complainant will be
left to his legal remedy." (Joyce on Injunctions, vol. 1, pp. 84, 85,
86, 87.)

Furthermore, the defendant laid its track believing in
good faith that it was laying it over a street belonging to the
city, since the latter had taken the lands that the defendant
had ceded to it under the condition that a street should be
opened thereon. "Where an entry is made in good faith, as
upon the consent of one representing himself as owner or
upon a mistaken belief of ownership, and an injunction would
be of little value to the owner and a great detriment to the
defendant, one will not be granted." (Lewis on Eminent
Domain, sec. 904; *Pickert* v. *Ridgefield Park R. R. Co.,* 25
N. J. Eq., 316; *Erie R. R. Co.* v. *Delaware & R. Co.,* 21 N. J.
Eq., 283.)

This plaintiff could, when the work began, have prevented it being carried out upon his property, but he did not then avail himself of his legal remedies to put a stop to it, and he cannot now, when some months have elapsed since its termination, seek to prevent the use of the track and the consequent service of carrying passengers, which would be attended by a greater detriment to the public in general and especially to the residents of that suburb than to the defendant corporation, when the plaintiff has a right of action to recover from the party responsible therefor such damages as may have been sustained by him.

For the foregoing reasons the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.